UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON JON HARVEY, )
        Plaintiff, )
) No. 1:21-cv-707
-v- )
) Honorable Paul L. Maloney
MICHIGAN SECRETARY OF STATE, )
        Defendant. )
)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Brandon Harvey filed this lawsuit against the Michigan Secretary of State. Plaintiff is not represented by an attorney and the Court has granted him the privilege of proceeding in this action without paying the filing fee.

As permitted by 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed Plaintiff's complaint. The Magistrate Judge then issued a report recommending that this Court dismiss the complaint for failure to state a claim. (ECF No. 5). Plaintiff filed objections. (ECF No. 6.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed the entire record. The Court agrees with the conclusions and recommendations in the R&R.

Plaintiff's complaint is difficult to interpret. Plaintiff received several traffic tickets when he was younger, although the circumstances and nature of each ticket is not explained. Plaintiff contends that the Michigan Secretary of State has also fabricated his driving record. As a result, Plaintiff lost his driver's license and the Secretary of State will not issue a new one. Attached to his complaint, Plaintiff filed documents showing that he appealed the suspension or revocation of his license in the Kalamazoo County Courts. On July 6, 2021, Judge Alexander Lipsey denied Plaintiff's request for a review because the "Court lacks jurisdiction." (PageID.38.)

The Magistrate Judge concludes that Plaintiff failed to allege facts demonstrating that the Michigan Secretary of State acted unlawfully by revoking Plaintiff's driving privileges. (PageID.65.) Plaintiff objects. As part of his objection, Plaintiff summarizes what he alleges are the only three violations, the last of which occurred in 2010. He contends the maximum duration for revocation of driving privileges is 90 days.

The Court OVERRULES Plaintiff's objection. None of these allegations are contained within his complaint. This Court may consider whether the Magistrate Judge erred in interpreting the facts or the law or in applying the law to the facts. This Court does not, however, consider argument that were not presented in the documents reviewed by the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does

not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") (citations omitted).

For these reasons, the Court **ADOPTS** as its Opinion, the Report and Recommendation. (ECF No. 5). The Court **DISMISSES** the complaint without prejudice. *See, e.g., Watkins v. Campbell*, 142 F.3d 438 (6th Cir. 1998) (unpublished table opinion).

**IT IS SO ORDERED.**

Date: September 20, 2021                                    /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge

3